# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LYNN, *et al.*,

    *Plaintiffs*,

v.

DISTRICT OF COLUMBIA,

    *Defendant.*

No. 23-cv-2648 (DLF)

## MEMORANDUM OPINION AND ORDER

Before the Court is the plaintiffs' motion for attorney's fees under the Individuals with Disabilities Education Act ("IDEA") for their counsel's services. Dkt. 8. For the reasons that follow, the Court will grant the motion in part.

### I.   BACKGROUND

The plaintiffs are the parents of E.L., a severely disabled child eligible for special education under the IDEA. Compl. ¶ 6, Dkt. 1. E.L. has academic and medical disabilities requiring him to be accompanied by a full-time nurse at all times. *Id.*

On September 23, 2022, the plaintiffs filed an initial due process complaint under the IDEA against the District of Columbia Public Schools ("DCPS") and the Office of the State Superintendent of Education ("OSSE") because OSSE had failed to transport E.L. to school on a school bus with a nurse on board. Pls.' Mot. at 1–2. The hearing officer ordered DCPS and OSSE to provide school transportation with a nurse no later than November 28, 2022. *Id.* at 2.

After DCPS and OSSE failed to comply with this order, the plaintiffs filed a second due process complaint on January 9, 2023, seeking transportation services and funding for a compensatory education study once E.L. had returned to school for 30 days. *Id.*; Def.'s Opp'n at

2, Dkt. 10. The plaintiffs subsequently filed a motion for summary judgment, which DCPS opposed. Pls.' Mot. at 2; Def.'s Opp'n at 2. On March 23, 2023, the hearing officer granted the motion, ordering OSSE to provide E.L. with nurse-accompanied school transportation and to authorize up to $1,000 for an independent evaluator to conduct a compensatory education evaluation. Pls.' Mot. at 2; Def.'s Opp'n at 2.

The plaintiffs now seek $81,559.00 in attorney's fees and costs relating to the second IDEA administrative action. Pls.' Mot. at 2. This figure is based on $79,939.00 in attorney's fees for counsel's work and $1,620.00 in compensation for an expert retained to opine on the form and amount of the compensatory education owed to E.L. by the District of Columbia. *See* Pls.' Ex. 3, Dkt. 8-6; Pls.' Reply at 2, Dkt. 11. Additionally, plaintiffs request that the Court award post-judgment interest on any untimely payment. Pls.' Mot. at 9.

## II.     LEGAL STANDARD

Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). An attorney may "recover for work when there is 'a clear showing that the time was expended in pursuit of a successful resolution of the case in which fees are being claimed.'" *Baylor v. Mitchell Rubenstein & Assocs., P.C.*, 735 F. App'x 733, 736 (D.C. Cir. 2018) (per curiam) (quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1335 (D.C. Cir. 1982) (per curiam)). In evaluating a motion for attorney's fees and costs, a court must determine (1) whether the party seeking the fees is a "prevailing party" entitled to fees; and (2) what fees are "reasonable" in terms of the hours expended and the hourly rate claimed. *See Robinson v. District of Columbia*, 61 F. Supp. 3d 54, 58 (D.D.C. 2014).

The party requesting fees bears the burden of demonstrating both the reasonableness of the hourly rate sought and of the hours expended. *See Dobbins v. District of Columbia*, No. 16-cv-01789, 2017 WL 4417591, at *3 (D.D.C. Sept. 29, 2017); *Wood v. District of Columbia*, 72 F. Supp. 3d 13, 18 (D.D.C. 2014). A party may satisfy the latter burden "by submitting an invoice that is sufficiently detailed to permit the District Court to make an independent determination whether or not the hours claimed are justified." *Wood*, 72 F. Supp. 3d at 18. If a party satisfies this burden, the number of hours billed is presumed reasonable, and "the burden then shifts to the [opposing party] to rebut this presumption." *Dobbins*, 2017 WL 4417591, at *3 (citations and internal quotation marks omitted). The district court retains discretion to reduce awards of attorneys' fees if "the time spent and legal services furnished were excessive considering the nature of the action or proceeding." 20 U.S.C. § 1415(i)(3)(F)(iii).

### III. ANALYSIS

Here, the defendant does not dispute that the plaintiffs are prevailing parties entitled to attorney's fees under the IDEA. Def.'s Opp'n at 2 n.1. The defendant contests the requested fees award on the ground that counsel's claimed rate and hours billed are excessive and thus unreasonable. *See id.* at 2–3. The defendant further argues that the plaintiffs have failed to establish the reasonableness of their claimed expert fees, warranting a reduction to their ultimate award. *See id.* at 14–15. Finally, the defendant urges the Court to deny plaintiff's request for post-judgment interest. *See id.* at 15.

While the plaintiffs initially sought a rate of $782 per hour, *see* Pls.' Mot. at 3, they have since agreed to the defendant's request for a 25% reduction to their hourly rate, bringing the hourly rate to $586.5, *see* Pls.' Reply at 2–3. Thus, the remaining issues before the court are (1) whether additional reductions to counsel's hours are warranted; (2) whether counsel is entitled to recover

for expert fees; and (3) whether an award of post-judgment interest is warranted. The Court will address each issue in turn.

### A. Number of Hours Reasonably Expended

As an initial matter, the Court finds that the plaintiffs have satisfied their burden of demonstrating the reasonableness of the number of hours expended in this litigation. The plaintiffs' counsel has provided a detailed invoice describing the nature of and the number of hours dedicated to the billed tasks. *See* Pls.' Ex. 3. The plaintiffs' counsel also asserts that she has maintained accurate and contemporaneous records of time billed and that she has exercised sound billing judgment by not billing for time that was "excessive, not warranted, or not directly connected with the matter at issue." *See* Decl. of Carolyn Houck, Esq. at 2–3, Dkt. 8-2. The Court has reviewed the invoice and Ms. Houck's declaration and finds plaintiffs' counsel's billing practices adequate and the time devoted to each task presumptively reasonable. Accordingly, the defendant bears the burden of rebutting this presumption. The defendant presents five grounds for reducing plaintiffs' counsel's hours.

*First*, the defendant argues that plaintiffs' counsel spent an excessive 27.4 hours preparing a motion for summary judgment. Def.'s Opp'n at 12–13. In support of this proposition, the defendant cites to *Barton v. United States Geological Surv.*, No. 17-cv-1188 (ABJ), 2019 WL 4750195 (D.D.C. Sept. 29, 2019). There, the district court found that the dedication of seventeen hours to drafting the background section of a summary judgment brief was unreasonable and reduced the amount to twelve hours. *See Barton*, 2019 WL 4750195, at *4. By contrast, plaintiffs' counsel here spent only 10.2 hours drafting the summary judgment motion, which the Court does not find unreasonable. *See* Pls.' Ex. 3. The defendant provides no basis for the Court to determine

4

that the remaining 17.2 hours spent on research, preparation of exhibits and other documents, pre-filing review, and correspondence with relevant parties were excessive or unreasonable.

*Second*, the defendant contends that plaintiffs' counsel devoted an excessive amount of time to researching and corresponding with OSSE on the issue of extended eligibility because the plaintiffs ultimately abandoned that demand. *See* Def.'s Opp'n at 13. However, the fact that the plaintiffs opted for an alternative plan does not render unreasonable their efforts to thoroughly evaluate all options for an appropriate compensatory education award. *See* Pls.' Reply at 3–4. Accordingly, the Court does not find that the time plaintiffs' counsel expended on the extended eligibility issue to be excessive.

*Third*, the defendant argues that the plaintiffs did not prevail against it and that the Court should accordingly decline to reimburse time spent on claims against the defendant. *See* Def.'s Opp'n at 13. While courts do have discretion to deny attorney's fees for work on unsuccessful motions, *see*, *e.g.*, *Walker v. Thomas*, No. 14-cv-515 (CKK), 2015 WL 7428531, at *6 (D.D.C. Nov. 20, 2015), the Court does not find this characterization applicable to the plaintiff's efforts here. The plaintiffs sought an order from the Office of Dispute Resolution requiring "OSSE and/or DCPS to implement the IEP immediately." Def.'s Ex. 1B, Dkt. 10-2. The plaintiffs were ultimately successful in obtaining the requested relief. *See* Pls.' Ex. 1 at 4. Further, none of the plaintiffs' claims were denied on the merits. *See id.* at 3–5; *cf. Portillo v. Smith Commons DC, LLC*, No. 20-cv-49 (RC), 2022 WL 3354730, at *8 (D.D.C. Aug. 13, 2022) (declining to reimburse attorney for work on a motion that was ultimately denied on the merits). That the hearing officer directed the relief at OSSE, rather than DCPS, does not mean that the plaintiffs' claims against DCPS were unsuccessful. To the contrary, the plaintiffs' "absolute success" before the Office of

Dispute Resolution indicates that their efforts were pursued in good faith and merit full recompense. *Falica v. Advance Tenant Servs., Inc.*, 384 F. Supp. 2d 75, 81 (D.D.C. 2005).

*Fourth*, the defendant claims that plaintiffs' counsel billed time relating to a non-compensable resolution session. *See* Def.'s Opp'n at 13; Pls.' Ex. 3 at 2–3; 20 U.S.C. § 1415(f)(1)(B); § 1415(i)(3)(D)(ii)–(iii). The plaintiffs contend that no resolution session ever took place. *See* Pls.' Reply at 4. As far as the Court can discern, this contention appears to be inaccurate: the plaintiffs' motion for summary judgment discusses a resolution session meeting on January 19, 2023, between DCPS, a resolution specialist, E.L.'s parents, and counsel. *See* Def.'s Ex. 1B. The IDEA makes clear that "[a]ttorneys' fees may not be awarded relating to any meeting of the IEP team" or to a "meeting conducted pursuant to subsection (f)(1)(B)(i)." 20 U.S.C. § 1415(i)(3)(D)(ii) – (iii). Because the January 19, 2023, meeting appears to be a resolution session under the IDEA, the Court will deduct the 0.9 hours that plaintiffs' counsel spent attempting to schedule such a meeting. *See* Pls.' Ex. 3 at 2–3 (time entries for January 17, 18, and 19, 2023). Accordingly, the Court reduces the plaintiffs' fee award by $527.85.

*Fifth*, the defendant argues that the plaintiffs' counsel ought not fully recover for 8.8 hours spent preparing disclosures on the basis that this time was billed for clerical work not compensable at the full rate for legal services. Def.'s Opp'n at 14. The Court agrees with the defendant that the time entries for March 17, 2023 (6.3 hours—"Go through all emails, organize, print, summarize for disclosures") and March 18, 2023 (2.5 hours—"Complete disclosures, inc. copying, tabbing, labeling, etc., and making exibit [sic] list with two kinds of page numbers, per HO directive."), Pls.' Ex. 3 at 7–8, comprise clerical tasks not requiring legal expertise, *see, e.g.*, *Robinson v. District of Columbia*, 61 F. Supp. 3d 54, 66–67 (D.D.C. 2014). Consistent with the approach taken by other courts in this district, the Court will reduce plaintiffs' counsel's rate by 50% for time

6

entries relating to clerical tasks. *See id.* That brings the rate for clerical tasks to $293.25 per hour, resulting in a fee reduction of $2,580.60.

    **B.**     **Expert Fees**

The defendant also challenges the plaintiffs' attempt to recover $1,620.00 in expert fees. *See* Def.'s Opp'n at 14–15. While the IDEA itself does not support the recovery of expert fees, "under District of Columbia [l]aw, a Court 'may award reasonable expert witness fees as part of the costs to a prevailing party,' in IDEA cases." *Wright ex rel J.J. v. District of Columbia*, No. 18-cv-2818 (ABJ), 2019 WL 4737699, at *6 (D.D.C. Sept. 28, 2019) (quoting D.C. Code § 38-2571.03(7)(A)). The prevailing party bears the burden of establishing the reasonableness of experts' rates. *Id.* A party may meet this burden by providing documentation that the claimed rates "are based on the rates prevailing in the community for other experts providing similar services in similar cases." *Id.* at *7 (internal quotation marks omitted).

The Court agrees with the defendant that the plaintiffs have failed to meet this burden. While the plaintiffs contend that "[e]xpert [f]ees are routinely paid in this district," Pls.' Reply at 4, they have failed to provide any evidence whatsoever supporting the reasonableness of the expert's fees in this case. "Accordingly, the Court denies the fee for experts without prejudice to reconsideration based on an additional submission." *Wright*, 2019 WL 4737699, at *7.

    **C.**     **Post-Judgment Interest**

Finally, the plaintiffs request an award of post-judgment interest in the event that payment from the District is untimely. *See* Pls.' Mot. at 9–10. The plaintiffs contend that such an award is necessary given "the District's well documented history of untimely payment of attorneys' fees." Pls.' Mot. at 10; *see* Houck Decl. at 3–4 (noting DCPS's failure to reimburse counsel's client for reasonable attorney's fees "in a timely and fair manner); *J.T. v. District of Columbia*, 652 F. Supp.

3d 11, 37 (D.D.C. 2023) (noting that the District has a "poor payment track record" justifying an award of post-judgment interest).

The Court agrees with the plaintiffs' characterization of DCPS's history of untimely payments to successful IDEA litigants. It also notes that in this very case, the plaintiffs had to file not one, but two, due process complaints to obtain the services to which their child was lawfully entitled because DCPS disregarded the November 9, 2022, order requiring prompt transportation services for E.L. *See* Pls.' Mot. at 2. Given DCPS's repeated delays in blatant disregard for individuals' IDEA rights, the Court finds it reasonable to award post-judgment interest pursuant to 28 U.S.C. § 1961(a). *See*, *e.g*, Docket in *Malloy v. District of Columbia*, No. 20-cv-3219-DLF; *J.T.*, 652 F. Supp. 3d at 37; *see also* 28 U.S.C. § 1961(a) (permitting interest to be ordered on "any money judgment in a civil case recovered in a district court . . . from the date of the entry of the judgment.").

## CONCLUSION

For the foregoing reasons, the Plaintiffs' motion for attorney's fees is **GRANTED IN PART**. It is hereby

**ORDERED** that the defendant promptly pay, on or before September 26, 2024, the plaintiffs $76,830.55 in attorney's fees and costs; and it is further

**ORDERED** that, for any delay in payment beyond September 26, 2024, the defendant shall be liable for post-judgment interest "calculated from the date of the entry of" this judgment at the statutory rate, 28 U.S.C. § 1961(a).

SO ORDERED.

_____
DABNEY L. FRIEDRICH
United States District Judge

August 27, 2024